1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMONDRE' BOYD,<br><br>                                    Petitioner,<br><br>        vs.<br><br>MICHAEL W. HAGEE, Commandant of the U.S. Marine Corps, and P.E. HUXOLD, Commanding Officer, 5th Battalion, 11th Marines,<br><br>                                    Respondents. | CASE NO. 06CV1025 JLS (RBB)<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(Doc. No. 1) |

        Presently before the court is Remondre' Boyd's ("petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges the denial of his request for classification as a conscientious objector and argues that his claim is not made moot by his subsequent release from the military for misconduct.  For the reasons discussed below, while petitioner's claim is not moot, his petition for habeas corpus relief is **DENIED**.

## BACKGROUND

### A. Factual Background

        Petitioner applied for conscientious objector status with the United States Marine Corps in June 2005 while stationed at Camp Pendleton. (Tr. at 3.)   Petitioner's application for conscientious objector status was denied on April 3, 2006, based on the review board's finding that petitioner had failed to present evidence of the sincerity of his objection to war. (Pet. Appx. E

at 51.)  Following the denial, Petitioner was ordered to report to the 5/11 Battalion's Sierra Battery to resume work as an Artilleryman and eventually to deploy to Iraq with the Marine Expeditionary Unit. (Resp. Reply to Order to Show Cause ("RRO") at 2.)  Petitioner did not report for duty, instead going on unauthorized leave.  (Id.) Upon his return, on or about May 9, 2006, petitioner was assigned duties with the ordinance department.  (Id.)  Petitioner again went on unauthorized leave on or about May 22, 2006. (RRO at 2.)  Petitioner surrendered to military authorities on or about July 17, 2006.  (Tr. at 7.)

Petitioner was charged with two counts of violating Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886, and was tried by a Summary Court-Martial on August 23, 2006, where he pled guilty to both counts.  (RRO at 3.)  On September 3, 2006, the Commanding General of the First Marine Division ordered petitioner to be administratively separated under Other Than Honorable Conditions.  (Id.)

**B. Procedural Background**

Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241(c)(1) on May 10, 2006, challenging the denial of his conscientious objector application.  (Petition for Writ of Habeas Corpus at 1-2.)  Petitioner alleges that the orders which followed the denial of his application conflicted with his strongly held beliefs as a conscientious objector.  (Tr. at 7.)

The Hon. Larry A. Burns denied petitioner's motion for a temporary restraining order on May 17, 2006.  (Doc. No. 5.)  Respondents answered the petition on June 21, 2006.  (Doc. No. 9.)  Petitioner filed a traverse on July 18, 2006.  (Doc. No. 10.)

On October 6, 2006, Judge Burns issued an Order to show cause ("OSC") why the petition should not be dismissed as moot.  (Doc. No. 12.)  Petitioner responded to the OSC on October 16, 2006.  (Doc. No. 13.)  Respondents filed their opposition on November 16, 2006.  (Doc. No. 14.)  Petitioner filed his reply on November 6, 2006.  (Doc. No. 15.)

The action was reassigned to the Hon. Janis L. Sammartino on October 3, 2007.

**DISCUSSION**

**A.      Section 2251 Petition**

Under 28 U.S.C. § 2241(c)(1), a writ of habeas corpus may be granted by the court where a

prisoner is in custody under or by color of the authority of the United States.  Such writs are deemed the appropriate remedy for service members who claim to be unlawfully retained in the armed forces due to an illegal denial of conscientious objector status.  See Parisi v Davidson, 405 U.S. 34, 39 (1972).

**B.      Mootness**

    1.      Legal Standard

      A writ filed while the petitioner was in custody is not subsequently rendered moot by his release, if petitioner is subject to collateral consequences arising from that illegal custody.  See Carafas v. LaValle, 391 U.S. 234, 237-238 (1968); see also Brown v Resor, 407 F.2d 281, 283 (5th Cir. 1969); Grubb v Birdsong, 452 F.2d 516, 517-518 (6th Cir. 1971);  McAliley v. Birdsong, 451 F.2d 1244, 1245 (6th Cir. 1971).  Courts have recognized that an undesirable discharge from the military may carry with it such collateral consequences.  See Resor, 407 F.2d at 283; McAliley, 451 F.2d at 1245; Grubb, 452 F.2d at 518.  Where a writ of habeas corpus ante-dates and is independent of military criminal proceedings, the outcome of a court-martial does not effect the duty of the federal district court to consider the writ, because a court-martial does not have jurisdiction to grant such relief. See Parisi, 405 U.S. at 45.

      In Parisi, a conscientious objector filed a writ of habeas corpus and subsequently refused to deploy to Vietnam, where he was to perform non-combat duties.  405 U.S. at 36.  The Supreme Court reversed the lower court's ruling that petitioner's habeas writ should be stayed while a military court-martial was conducted.  Id. at 45.  The court found that such proceedings could operate independently of one another, because appeal of the conscientious objector application was outside the jurisdiction of the court-martial.  Id. at 44-45.

      In Resor, Army members were court-martialed, sentenced to hard labor, and undesirably discharged for their refusal to participate in combat training.  407 F.2d at 282.  The members had claimed conscientious objector status, which was denied.  Id. at 283-84.   During their sentence, the members filed a writ of habeas corpus, but were released from prison before the proceedings had been completed.  Id. at 282.  The court held, "[W]e entertain no doubt that [there are] collateral consequences which may flow from appellant's convictions . . . that in many states they

will not be able to vote, sit on juries, or run for public office."  Id. at 283 (internal quotations omitted).  Therefore, the members' habeas claims were not rendered moot by their release from prison.  Id.;  see also Grubb, 452 F.2d at 517-18 (holding that even if there is no conviction a "undesirable discharge carries with it serious 'collateral consequences' which . . . require us to hold that his cause is not moot."); McAliley, 451 F.2d at 1245 (same).

2.    Analysis

Petitioner argues that his writ is not rendered moot, because (1) he continues to suffer collateral consequences associated with his "other than honorable" discharge from the military, and (2) he claims that his discharge is the result of the denial of his conscientious objector application. (Pet. Response to Order to Show Cause at 3.)  Respondent argues that, because the misconduct discharge was a result of "unauthorized absences" by the petitioner, the consequences are not collateral to the denial of his conscientious objector status and thus the petition is moot. (RRO at 3.)   Respondent also claims that the decision of the court-martial to discharge petitioner administratively takes precedence over the petitioner's writ for discharge as a conscientious objector, and thus makes the petition moot because the Court will have no power to act.  (RRO at 6).

As noted in Parisi, "the question whether wrongful denial of conscientious objector status may be raised as defense against various types of military charges must remain with the military courts[.]"405 U.S. at 45 n.13.  Such a defense has been recognized by the Court of Military Appeals, although it has never in fact succeeded.  See id. at 42 & n.9 (citing United States v. Noyd, 40 C.M.R. 195, 204).  Nonetheless, the Court's inability to release petitioner from the military does not take away the power of the court to grant a writ of habeas corpus properly brought under 28 U.S.C. § 2241.  See Carafas, 391 U.S. at 239 (stating that the statute "does not limit the relief that may be granted to discharge from physical custody. . . . It provides that the court shall dispose of the matter as law and justice require."(internal citation omitted)). Because the majority of courts have found that the dishonorable discharge of a conscientious objector for refusing to obey orders may result in collateral consequences, this Court finds that petitioner's dishonorable discharge does not render the writ moot. See Resor, 407 F.2d at 283;  McAliley, 451

1  F.2d at 1245; Grubb, 452 F.2d at 517-518.

2  **C.      Review of Conscientious Objector Decision**

3         1.      Legal Standard

4         Where the petitioner asserts that he has made a prima facie case for conscientious objector

5  status, the government must then show that there was some "basis in fact" for such denial.  Woods

6  v Sheehan, 987 F.2d 1454, 1456-57 (9th Cir. 1993).  Review for "basis in fact" is extremely narrow

7  and does not permit the Court to weigh the evidence for itself.  Taylor v. Claytor, 601 F.2d 1102,

8  1103 (9th Cir. 1979) (citing Witmer v. United States, 348 U.S. 375, 380-81 (1955)).  Rather, the

9  court may only search the record for "some proof that is incompatible with the applicant's claims."

10  Id.  Where the issue is the sincerity of the applicant's beliefs, "there must be some inference of

11  insincerity or bad faith."  Witmer, 348 U.S. at 382.

12         In Woods, a Marine reservist filed for conscientious objector status after voluntarily

13  enlisting, serving four years, and then receiving activation orders.  987 F.2d at 1457-58.  The

14  Marine Corps Conscientious Objector Screening Board rejected his application, finding that

15  several factors cumulatively provided evidence that Wood's beliefs were not sincerely held.  Id. at

16  1458.  These factors included Wood's failure to inform anyone in the military of his moral

17  reservations regarding war, his voluntary enlistment, his participation in weapons training, and the

18  negative recommendation of his hearing officer.  Id.  On these facts, the Ninth Circuit affirmed the

19  military board's denial, finding a "basis in fact" for the decision.

20         2.      Analysis

21         Because the petitioner has asserted a prima facie case for conscientious objector status, the

22  Court must search the record for any "basis in fact" for the Marine Corps' finding that petitioner's

23  beliefs were insincere.  Like the petitioner in Woods, there are several facts in the record which

24  cumulatively support a finding of insincerity.  The record reflects that Lieutenant Ronald J.

25  Kennedy, the chaplain who interviewed petitioner as part of his conscientious objector application,

26  found that, while petitioner believed killing was wrong, petitioner "has made up his mind to leave

27  the military and conscientious objector status is the best way to achieve this goal." (Pet. Appx. A

28  at 26.)  Lieutenant Kennedy recommended that petitioner be granted non-combatant status rather

than conscientious objector status.  (Id.)  The record also reflects that petitioner never discussed his opposition to war with anyone in the military, either while on deployment in Iraq nor while stationed at Camp Pendleton.  (Id. at 7, 29.) Additionally, a non-commissioned officer from petitioner's unit stated that "Sgt. Boyd seemed to be a motivated and able Marine . . . who exhibited a tendency to manipulate situations to get what he wanted." (Id. at 30.)  The record also shows that the investigating officer, Lieutenant Pettit, noted in his recommendation for conscientious objector status that "expediency and avoidance of further military service was a primary . . . factor in his submission of this application." (Id. at p. 9.)  Lastly, the record reflects that a fellow Marine from petitioner's division approached and advised Lieutenant Pettit that petitioner "intended to get out of the Marine Corps with an honorable discharge in anyway possible." (Id. at 31.)  Based on this evidence, the Court finds that the Marine Corps had a "basis in fact" to deny petitioner's conscientious objector application for lack of sincerity.

**CONCLUSION**

For the reasons stated herein, the Court **DENIES** petitioner's §2241 petition for a writ habeas corpus.

**IT IS SO ORDERED.**

DATED:  February 19, 2008

Honorable Janis L. Sammartino
United States District Judge